IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

LEO PRICE, JR.,

    Petitioner,

v.                                                CASE NO. 1:19-cv-309-AW-GRJ

SEC'Y, FLA. DEP'T OF
CORR.,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case on December 2, 2019, when he filed his Petition for Writ of Habeas Corpus.[1] ECF No. 1. Petitioner challenges his conviction and sentence for sexual battery in Alachua County. Respondent has filed a motion to dismiss in which he argues that the Petition is untimely because it was filed after the one-year period of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d). ECF No. 6. Petitioner filed a response in opposition, ECF No. 9, and, therefore, the motion is ripe for the Court's consideration.

---

[1] Although the Court's docket reflects a filing date of December 4, 2019, the "mailbox rule" applies because Petitioner is incarcerated and proceeding *pro se*. *Romanes v. Sec'y, Dep't of Corr.*, 621 F. Supp. 2d 1249, 1264 n.10 (M.D. Fla. 2008) (citing *Houston v. Lack*, 487 U.S. 266 (1988); *Adams v. United States*, 173 F.3d 1339 (11th Cir. 1999)).

For the reasons discussed below, it is respectfully **RECOMMENDED** that Respondent's Motion to Dismiss, ECF No. 6, should be **GRANTED**.

## I. BACKGROUND

The procedural history of this case is established in the state court records appended to Respondent's motion. Petitioner was charged with committing sexual battery on November 20, 1997, in violation of Fla. Stat. § 794.011(3). ECF No. 6-6 at 21. Following a jury trial in Alachua County, on September 19, 2006, a jury found Petitioner guilty. ECF No. 6-2. Moreover, the jury's verdict reflects a finding that Petitioner "used or threatened to use a deadly weapon during the commission of the offense." *Id.* at 2. That same day, the trial court sentenced Petitioner to life imprisonment. ECF No. 6-1. Petitioner timely appealed his conviction to the First District Court of Appeal ("First DCA"), which affirmed the conviction in a *per curiam* opinion on July 26, 2007. ECF No. 6-4 (*Price v. State*, 961 So. 2d 940 (Fla. 1st DCA 2007)). Petitioner did not seek any further direct review in the Florida Supreme Court or the United States Supreme Court.

On May 29, 2009, Petitioner filed in state court his first motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. ECF No. 6-5. The motion remained pending for six years and was resolved

in a written order by the trial court on October 9, 2015. ECF No 6-6 at 2–18. The trial court denied the bulk of Petitioner's challenges but granted relief on Petitioner's sole claim of ineffective assistance of counsel at sentencing. *Id.* at 16–17. The trial court held that Petitioner was entitled to a resentencing under the 1995 Sentencing Guidelines instead of the Criminal Punishment Code, which applies only to offenses committed on or after October 1, 1998.

The trial court held a resentencing hearing on December 11, 2015, at which Petitioner was represented by appointed counsel. ECF No. 6-7. The trial court departed upward from the applicable guidelines, ECF No. 6-8, and sentenced Petitioner to life imprisonment without parole, ECF No. 6-7 at 66. Petitioner timely appealed his resentencing to the First DCA, which affirmed in a *per curiam* opinion on April 17, 2017. ECF No. 6-12 at 2. The First DCA issued its mandate on May 3, 2017. *Id.* at 3.

On September 1, 2017, Petitioner filed a *pro se* petition for a belated appeal of the trial court's denial of the claims in his first motion for post-conviction relief. ECF No. 6-14 at 2. Petitioner amended his petition on October 4, 2017. ECF No. 6-13. The First DCA relinquished jurisdiction to the trial court for appointment of a special master to conduct an evidentiary hearing on the allegations in the petition for belated appeal. ECF No. 6-14

3

at 3. The special master issued a report and recommendation on January 9, 2018, *id.*, and, on February 6, 2018, the First DCA adopted the report and recommendation and denied the petition, ECF No. 6-15.

Then, on March 4, 2018, Petitioner filed in state court a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). ECF No. 6-16. The trial court denied Petitioner's Rule 3.800(a) motion on March 13, 2018. ECF No. 6-17.

Finally, on August 27, 2018, Petitioner filed in state court a second Rule 3.850 motion for post-conviction relief. ECF No. 6-18. The trial court denied Petitioner's second Rule 3.850 motion on February 26, 2019. ECF No. 6-19. Petitioner appealed to the First DCA, which affirmed in a *per curiam* opinion on October 14, 2019. ECF No. 6-22. The First DCA issued its mandate on November 12, 2019. *Id.* at 4.

## II.  THE AEDPA PERIOD OF LIMITATIONS

Federal habeas petitions filed after April 24, 1996, are governed by 28 U.S.C. § 2254 and the AEDPA. *Penry v. Johnson*, 532 U.S. 782, 792 (2001); *Tharpe v. Warden*, 834 F.3d 1323, 1336 n.19 (11th Cir. 2016). The AEDPA creates a limitations period for § 2254 habeas petitions:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

4

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The AEDPA, however, tolls the one-year limitation period for the time during which a properly filed application for post-conviction relief or other collateral review is pending in state court, § 2244(d)(2), and may be equitably tolled in appropriate extraordinary circumstances, *Holland v. Florida*, 560 U.S. 631, 645 (2010).

### III. DISCUSSION

The central issue at this juncture is whether the Petition was timely filed under the AEDPA. Respondent correctly notes that the controlling judgment and sentence, challenged by Petitioner, was the one entered on

5

December 11, 2015,[2] after his resentencing, and affirmed by the First DCA on April 17, 2017.  ECF No. 6 at 6.  That judgment became "final" under § 2244(d)(1)(A) on July 16, 2017, when the 90-day period for seeking a writ of certiorari to the United States Supreme Court expired.  *Espinosa v. Sec'y, Dep't of Corr.*, 804 F.3d 1137, 1140 (11th Cir. 2015); *Nix v. Sec'y, Dep't of Corr.*, 393 F.3d 1235, 1236–37 (11th Cir. 2004).  Thus, absent tolling, Petitioner had until July 16, 2018, to file a timely federal habeas corpus petition.

For starters, the petition for belated appeal, filed on September 1, 2017, ECF No. 6-14 at 2, did not toll the one-year statute of limitations. *See Danny v. Sec'y, Fla. Dep't of Corr.*, 811 F.3d 1301, 1304 (11th Cir. 2016) (a petition for belated appeal does "not invite a judicial reexamination of a judgment or claim").

The first tolling event was the filing of Petitioner's Rule 3.800(a) motion filed on March 4, 2018, ECF No. 6-16.  *See Hall v. Sec'y, Dep't of Corr.*, 921 F.3d 983, 987 (11th Cir. 2019) (the Eleventh Circuit recognizes a "motion to correct an illegal sentence filed pursuant to Rule 3.800(a)," and

---

[2] It bears mentioning, however, that the Respondent refers to this judgment as having been entered on "December 15, 2011."  ECF No. 6 at 6.  There is no such judgment or relevant date in the record, so the Court surmises Respondent inadvertently transposed the day of the month and the year, which should read "December 11, 2015."

6

any subsequent appeal from the denial of such a motion, as an "application for State post-conviction or other collateral review"). At that point, 231 days of the one-year limitations period had elapsed. The trial court denied Petitioner's Rule 3.800(a) motion on March 14, 2018, and the limitations period remained tolled until April 13, 2018, when Petitioner declined or failed to file a notice of appeal. *See* Fla. R. Crim. P. 3.850(k) (providing a movant 30 days to timely appeal an order denying post-conviction relief); *Cramer v. Sec'y, Dep't of Corr.*, 461 F.3d 1380, 1383–84 (11th Cir. 2006) (a post-conviction claim remains pending "regardless of whether the inmate actually files the notice of appeal").

Then, only 134 days remained in the federal limitations period. All but one day of that time elapsed by the time Petitioner filed his second Rule 3.850 motion for post-conviction relief on August 27, 2018. ECF No. 6-18. The limitations period was tolled from August 27, 2018, until November 12, 2019, when the First DCA issued its mandate on Petitioner's appeal from denial of the second Rule 3.850 motion, ECF No. 6-22. *Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000).

The limitations period finally expired on November 13, 2019, but the Petition was not filed until 19 days later, on December 2, 2019. ECF No. 1. Petitioner concedes that his limitations period for filing the Petition has

expired but states that he was "ill-informed by inmate law clerks" that he could "only have one active motion in court at one time[.]"  ECF No. 10 at 3–4.  He asks the Court for a "second chance" to have the arguments in the Petition heard.  *Id.* at 4.

Equitable tolling is appropriate only when "extraordinary circumstances have worked to prevent an otherwise diligent petitioner from timely filing his petition."  *Diaz v. Sec'y, Dep't. of Corr.*, 362 F.3d 698, 701 (11th Cir. 2004).  This means that Petitioner must show that the untimeliness of the Petition was "both beyond his control and unavoidable even with diligence."  *Dunn v. Sec'y, Dep't of Corr.*, 808 F. App'x 778, 782 (11th Cir. 2020) (citing *Akins v. United States*, 204 F.3d 1086, 1090 (11th Cir. 2000)).

Although the Court is sympathetic to the challenges faced by *pro se* litigants in habeas cases, Petitioner's statement that he received erroneous legal advice from an inmate law clerk fails to justify equitable tolling.  *See Wakefield v. Railroad Retirement Bd.*, 131 F.3d 967, 970 (11th Cir. 1997) ("Ignorance of the law usually is not a factor that can warrant equitable tolling.").  If "garden variety" negligence by counsel in miscalculating the AEDPA limitations period does not warrant equitable tolling, *Holland v. Florida*, 560 U.S. 631, 651 (2010), a claim of negligence by a non-attorney

8

(such as an inmate law clerk) does not fare better. *See DeLeon v. Fla. Dep't of Corr.*, 470 F. App'x 732, 734 (11th Cir. 2012) ("The lack of a legal education, the absence of legal counsel in this collateral context, and the resulting consequence of reliance upon a bilingual inmate law clerk also do not excuse a failure to file a § 2254 petition in a timely fashion."); *Leftwich v. Sec'y, DOC*, No. 3:10-cv-424-J-37MCR, 2011 WL 4947531, at *3 (M.D. Fla. Oct. 17, 2011) ("Inmate law clerks are not lawyers, and mere negligence on their part will not justify equitable tolling."). Indeed, the Eleventh Circuit has recognized that *pro se* litigants "are deemed to know of the one-year statute of limitations." *Outler v. United States*, 485 F.3d 1273, 1282 n.4 (11th Cir. 2007).

In sum, Petitioner initiated this habeas case weeks after the one-year federal limitations period had expired and there is no basis for equitable tolling. The Petition, therefore, should be dismissed as untimely.

## IV.  CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing § 2254 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." To warrant the issuance of a

9

certificate of appealability when a petition is dismissed on procedural grounds without reaching an underlying constitutional claim, the applicant must show "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and, moreover, "find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rules Governing § 2254 Cases, R. 11(b).

After review of the record and applicable law, the undersigned concludes that jurists of reason would not debate dismissing the Petition as untimely. Because the answer to this procedural question is clear, the Court need not reach the merits of Petitioner's constitutional claims. *Franklin v. Hightower*, 215 F.3d 1196, 1199 (11th Cir. 2000). The undersigned, therefore, recommends that a certificate of appealability should be **DENIED**.

Rule 11(a) further provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the permitted objections.

## V.  CONCLUSION

Accordingly, it is respectfully **RECOMMENDED** that:

1. Respondent's Motion to Dismiss the Petition for Writ of Habeas Corpus, ECF No. 6, should be **GRANTED** and the Petition for Writ of Habeas Corpus, ECF No. 1, should be **DISMISSED** as untimely under 28 U.S.C. § 2244(d)(1).

2. A certificate of appealability should be **DENIED**.

**IN CHAMBERS** this 19th day of January 2021.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.